**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808

**KELLER ROHRBACK L.L.P.**
Derek W. Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900

*Attorneys for Plaintiffs*
[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA L. STOCK, SOFIA SIORIS, LUKE HARTSOCK, JERRY WINIARSKI, and TRACY VINCENT, Individually and On Behalf of All Others Similarly Situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; and EARLY WARNING SERVICES, LLC D/B/A ZELLEPAY.COM, <br><br> *Defendants*. | Case No.: 8:22-cv-00763-DOC-ADS <br><br> **PLAINTIFFS' OBJECTION TO DEFENDANT EARLY WARNING SERVICES, LLC'S REQUEST FOR JUDICIAL NOTICE** <br><br> Date:  December 12, 2022 <br> Time:  8:30 a.m. <br> Court:  10A <br> Judge:  Hon. David O. Carter |

## I. INTRODUCTION

Defendant Early Warning Services, LLC ("Zelle") filed a Request For Judicial Notice ("RJN," ECF No. 53) of an exhibit in support of its Motion to Dismiss Plaintiffs' First Amended Complaint ("MTD," ECF No. 52). That request concerns a document identified by Zelle as the "Zelle Transfer Service Addendum to the Wells Fargo Online Access Agreement" ("ZTSA" or "Exhibit 1") purportedly applicable to the unauthorized electronic fund transfers complained of by Plaintiffs in their First Amended Complaint. Plaintiffs' response to Zelle's RJN is as follows:

First, "[j]udicial notice allows courts to consider a fact that is not subject to reasonable dispute because it is generally known within the territory or can be determined from sources of unquestionable accuracy." *Body Jewelz, Inc.*, 241 F. Supp. 3d 1084, 1089 (C.D. Cal. 2017). Here, although Plaintiffs generally do not oppose the Court taking judicial notice of the *existence* of the ZTSA, the Court should deny the request for judicial notice to the extent that Zelle asks the Court to judicially notice the ZTSA for the *truth* of what that document asserts.

A court may not judicially notice a document under Fed. E. Evid. 201 for its truth. *See Bernardi v. JPMorgan Chase Bank, NA.*, No. C-11-04543 RMW, 2012 WL 33894 at *1 n.1 (N.D. Cal., Jan. 6, 2012) (noting judicial notice of matters of public record is limited to the existence and authenticity of a document while the veracity and validity of the contents remain open to dispute); *Hornish v. King Cnty*, 899 F.3d 680, 703 (9th Cir. 2018) ("Even if the records are filed on the public docket of the Neighbors case, we can take judicial notice only of the filing of the documents, and not of the truth of the documents' contents."); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (observing that it

could take judicial notice on a motion to dismiss only to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true"); *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d. 1052, 1061 (C.D. Cal. 2012) (refusing to take judicial notice of SEC filings for the truth of the matter asserted on a motion to dismiss).

<u>Second</u>, the hearsay rule applies to statements contained in judicially noticed documents. Fed. R. Evid. 801. *See also North Beverly Park Homeowners Ass'n. v. Bisno*, 147 Cal. App. 4th 762, 778 (2007); *Johnson & Johnson v. Superior Court*, 192 Cal. App. 4th 757, 768 (2011). Zelle fails to establish any exception to the hearsay rule, such as records of a regularly conducted activity under Fed. R. Evid. 803(6).

<u>Third</u>, Zelle appears to argue the ZTSA should be considered for its truth based on the argument that "it is central to the allegations of the First Amended Complaint …" ECF No. 53 at 2:18–19. Whether that document is central to Plaintiffs' claims is a separate inquiry from whether the Court may judicially notice it under Fed. R. Evid. 201(b). Instead, that argument stems from the rule that a district court on a 12(b)(6) motion may consider documents alleged in the complaint but not physically attached to the complaint. In *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), the Ninth Circuit extended that rule to permit district courts to go one step further: to permit consideration, on a motion to dismiss, of "a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id*.

Here, Zelle does not show, or even argue, that the ZTSA was incorporated by

reference in the First Amended Complaint.[1] ECF No. 53 at 2. Nevertheless, Zelle contends, without explanation, that its Exhibit 1 is "central to the allegations of the First Amended Complaint and plaintiffs cannot reasonably dispute the document's authenticity." ECF No. 53 at 2:18–20. To the extent Zelle seeks to rely on Exhibit 1 as a defense, the Ninth Circuit has made it clear that "[s]ubmitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit," *Khoja v. Orexigan Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).

Zelle cites *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) for the proposition that the Court may assume the truth of contents of Zelle's Exhibit 1 on the Rule 12(b)(6) motion to dismiss. ECF No. 53 at 2:13–17. However, *Davis* concerns a situation where the contents of documents were alleged in the pleading but not included with the complaint, whereas here, Zelle has not shown that Plaintiffs cite the contents of Exhibit 1 in their First Amended Complaint. Regardless, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or *the document forms the basis of the plaintiff's claim*." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added, citations omitted).

For present purposes, the Plaintiffs do not dispute the existence of an agreement with Zelle to provide electronic fund transfer services. Therefore, to the extent the Court finds that Zelle's Exhibit 1 is central to Plaintiffs' claims in the

---

[1] *Khoja v. Orexigan Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.").

First Amended Complaint (or in other words that Exhibit 1 "forms the basis of the plaintiff[s'] claim), the Court may consider that document in ruling on Zelle's motion to dismiss (ECF No. 52) without converting the motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56.

It is important to note, however, that a more recent version of the ZTSA document is currently accessible from the website address cited by Zelle as https://www.wellsfargo.com/online-banking/transfers/zelle-terms/. The version presently accessible from that website address (as of at least October 28, 2022) has a stated effective date of "September 23, 2022," which is notably dated after Zelle filed its motion to dismiss in this case on September 20, 2022 (ECF. No. 52). That also post-dates the unauthorized or fraudulent Zelle transactions alleged by the Plaintiffs in the First Amended Complaint (ECF No. 40, ¶¶ 46, 76, 91, 118, 133). The version attached to the RJN as Exhibit 1, on the other hand, has a stated effective date of "September 24, 2021."

| | |
|---|---|
| Date: November 4, 2022 | **KELLER ROHRBACK L.L.P.** |
| | By: *s/ Derek W. Loeser* |
| | Laura R. Gerber (*pro hac vice*) |
| | lgerber@kellerrohrback.com |
| | Derek W. Loeser (*pro hac vice*) |
| | dloeser@kellerrohrback.com |
| | Nathan L. Nanfelt (*pro hac vice*) |
| | nnanfelt@kellerrohrback.com |
| | 1201 Third Avenue, Suite 3200 |
| | Seattle, WA 98101 |
| | Telephone: (206) 623-1900 |
| | ***Attorneys for Plaintiffs*** |

**Additional Counsel for Plaintiffs**

KAZEROUNI LAW GROUP APC
Abbas Kazerounian (SBN: 249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
Gil Melili, Esq. (SBN: 337116)
gil@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808

KAZEROUNI LAW GROUP, APC
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, UT 84790
Telephone: (800) 400-6808

SAUDER SCHELKOPF LLC
Joseph G. Sauder (*pro hac vice*)
jgs@sstriallawyers.com
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (888) 771-9975

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2022, I electronically filed the foregoing with the Clerk of the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

*s/ Derek W. Loeser*