**KAZEROUNI LAW GROUP APC**
Abbas Kazerounian (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808

**KELLER ROHRBACK L.L.P.**
Derek W. Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900

*Attorneys for Plaintiffs*
[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA L. STOCK, SOFIA SIORIS, LUKE HARTSOCK, JERRY WINIARSKI, and TRACY VINCENT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; and EARLY WARNING SERVICES, LLC D/B/A ZELLEPAY.COM,<br><br>Defendants. | Case No. 8:22-cv-00763-DOC-ADS<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO WELLS FARGO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION [ECF NOS. 54-58]**<br><br>Date: December 12, 2022<br>Time: 8:30 a.m.<br>Court: 10 A<br>Judge: Hon. David O. Carter |

**Case No.: 8:22-cv-00763-DOC-ADS**
**PLS.' SUPPL. BR. IN OPP'N TO WELLS FARGO DEFS.' MOTS. TO COMPEL ARBITRATION**

# I. INTRODUCTION

Plaintiffs Jessica L. Stock, Sofia Sioris, Luke Hartsock, Jerry Winiarski, and Tracy Vincent (together "Plaintiffs"), submit this supplemental brief in accordance with the Court's Order at the December 12, 2022 hearing on Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.'s (together "Wells Fargo") Motions to Compel Arbitration as to Plaintiffs (ECF Nos. 54-58) and Defendant Early Warning Services, LLC d/b/a Zellepay.com's ("Zelle") Joinder (ECF No. 60).

This brief addresses two cases cited by Plaintiffs' counsel during oral argument on December 12, 2022: *In re Stubhub Refund Litigation*, No. 20-md-02951-HSG, 2021 WL 5447006 (N.D. Cal. Nov. 22, 2021); and *Bow v. Cebridge Telecom CA, LLC*, No. 2:21-cv-00444-TLN-JDP, 2022 WL 313905 (E.D. Cal. Feb. 2, 2022).

For the reasons below, the holdings in *In re Stubhub* and *Bow* further support Plaintiffs' arguments in their Oppositions to Wells Fargo's Motions to Compel Arbitration (*see* ECF Nos. 61-65) that the arbitration provisions in Wells Fargo's 2021 and 2022 Online Access Agreements ("OAA") violate public policy and are void because each prohibits Plaintiffs from seeking public injunctive relief in any forum. These holdings further rebut Wells Fargo's contention that Plaintiffs do not properly plead a request for a public injunction in the First Amended Class Action Complaint ("FAC"), ECF No. 40, following the Ninth Circuit's opinion in *Hodges v. Comcast Cable Communications, LLC*, 21 F.4th 535 (9th Cir. 2021).

## II. PLAINTIFFS PROPERLY SEEK A PUBLIC INJUNCTION

As argued in Plaintiffs' respective Oppositions to Wells Fargo's Motions to Compel Arbitration, the 2021 and 2022 OAAs impermissibly waive Plaintiffs' right to seek a public injunction to protect the consuming public, which is a substantive statutory remedy afforded by California law (*see, e.g.*, FAC ¶¶ 199, 207, 209, 213-214, 222, 234, 238, Prayer for Relief) and supported by the common law of Arizona, Florida, and Washington.

Wells Fargo contends in its Reply Briefs (ECF Nos. 69-73) that Plaintiffs do not seek public injunctive relief under *Hodges*, which clarified the pleading standards to invoke the rule in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017). But *Hodges* is no bar to Plaintiffs' claims. Indeed, district courts in California examining the pleading requirements post-*Hodges* have held that the exact type of relief sought here—i.e., a forward-looking injunction to prohibit Wells Fargo from continuing to deceptively advertise its Zelle money transfer service, which benefits the general public and would not require consideration of the individual claims of any non-parties—satisfies the requirements of *Hodges* and *McGill*.

### A. *In re Stubhub*

*In re Stubhub* illustrates a proper, forward-looking injunction consistent with *Hodges* and *McGill*. The defendant, Stubhub, changed the terms of its services during COVID-19 to avoid refunding tickets for cancelled events. The plaintiffs sought a public injunction to "ensure that *future consumers* are not misled into believing that [d]efendant will provide users with a full refund for canceled events under the FanProtect™ Guarantee." *In re Stubhub*, 2021 WL 5447006, at *11 (emphasis added).

Judge Gilliam rejected the defendant's argument that the relief sought by the plaintiffs was not properly plead as public injunctive relief. *Id*. at *11. The court found that the plaintiffs properly alleged a public injunction under *Hodges*[1] because the plaintiffs sought to preclude the defendant from "misrepresenting to the general public the protections afforded by its FanProtect™ Guarantee." *Id*. As a result, the arbitration agreement was deemed invalid because it waived plaintiffs' ability to

---

[1] The court in *In re Stubhub* relies on the published version of *Hodges* from September 2021, which was subsequently amended as to the dissenting opinion in December of 2021. *Compare Hodges v. Comcast Cable Commc'ns, LLC*, 12 F.4th 1108 (9th Cir. 2021), *with Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535 (9th Cir. 2021) (amending dissenting opinion).

seek public injunctive relief. *Id.* at *12 ("Although [d]efendant may disagree with the likelihood of such future harm, the Court finds that [p]laintiffs have adequately established that their requested injunctive relief is designed to prevent future harm to members of the public and not just the specific named [p]laintiffs or class members.") (citing *Snarr v. HRB Tax Grp., Inc.*, 839 F. App'x 53, 55 (9th Cir. 2020)).

The same is true here. Like the plaintiffs in *In re Stubhub*, Plaintiffs seek a public injunction to require Wells Fargo to correct its misleading advertising practices to the general public concerning the safety and unique architecture of the Zelle transfer service. *See*, *e.g.*, FAC ¶¶ 2, 30, 33, 35-37, 40-41 (noting Wells Fargo advertises Zelle as fast, safe, and convenient despite knowledge that Zelle scams are prevalent and that Wells Fargo has done nothing to educate the public through accurate advertisements of the risks of using Zelle); ¶¶ 209, 222, 238 (noting that "Defendants' acts or practices affect the public interest because there is a strong likelihood that additional consumers have been or will be injured in exactly the same fashion"); ¶ 234 (seeking a public injunction for "the public benefit in order to promote the public interests in the provision of truthful, fair information to allow consumers to make informed decisions about the banking mobile app and money transfer services they use" and to protect "the public from Defendants' unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and unlawful practices. Defendants' wrongful conduct as alleged in this Complaint has had widespread impact on the public at large").

Thus, as supported by *In re Stubhub*, the public injunction sought by Plaintiffs here is the "paradigmatic example . . . of public injunctive relief . . . sought in *McGill* itself, where the plaintiff sought an injunction against the use of false advertising to promote a credit protection plan." *In re Stubhub*, 2021 WL 5447006, at *11 (quoting *Hodges*, 12 F.4th at 1115).

Further, the scope of the remedies sought by Plaintiffs is immaterial to determining whether they seek public injunctive relief. First, it is inconsequential that Plaintiffs also seek monetary damages since neither *McGill* nor Ninth Circuit precedent require that Plaintiffs only seek injunctive relief for such relief to be deemed public. *In re Stubhub*, 2021 WL 5447006, at *12. Second, Plaintiffs may seek injunctive relief to prevent future statutory violations in addition to describing specific terms for injunctive relief to remedy Defendants' misleading advertising. *Id.*

### B. *Bow*

In February of 2022, Judge Nunley reached a similar conclusion in *Bow* when evaluating a motion to remand where the plaintiffs argued they solely alleged public injunctive relief under California law, and thus, could not satisfy Article III standing. *See* 2022 WL 313905, at *2 (noting that "[a]t issue here is whether [p]laintiffs' requested relief meets the definition of 'public injunctive relief' or whether the relief sought is for private injunctive relief").

The court in *Bow* noted that "[o]ne key difference between a private and public injunction is the primary beneficiary of the relief." *Id*. Judge Nunley distinguished private injunctions, which "'resolve a private dispute' between the parties and 'rectify individual wrongs,' though they may benefit the general public incidentally." *Id*. "In contrast, public injunctions . . . benefit 'the public directly by the elimination of deceptive practices, but do not otherwise benefit the plaintiff, who has already been injured, allegedly, by such practices and [is] aware of them.'" *Id.* (alteration in original) (quoting *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 824 (9th Cir. 2019). Applying this reasoning, Judge Nunley concluded that it "is evident to the Court that [p]laintiffs' requests that [d]efendants cease false advertising practices and disclose to current subscribers its actual internet speeds and that its current infrastructure does not support such speeds are requests for public injunctive relief." *Id*. at *3.

Consistent with this rationale, the public injunctive relief sought by Plaintiffs here (i.e., changes to Defendants' advertising of the Zelle money transfer service, including alerts to the public of the false and misleading safety representations and of the real risks of using the service due to widespread fraud) is the quintessential and "paradigmatic" type of public injunctive relief that has the primary purpose and effect of benefiting the general public. This is especially true here where Plaintiffs– who have already been victims of Zelle scams–would only *incidentally* benefit from such public injunction, which is prospective in nature, because Plaintiffs are now aware of the inherent risks of using Zelle. *See* FAC ¶¶ 28, 28, 30, 219(B). The general public, on the other hand, including, without limitation, *non-customers* of Wells Fargo who may become customers and use the Zelle service, as well as current Wells Fargo customers who have not yet decided to use the Zelle service, are at real risk of being misled by Defendants[2] into believing that the Zelle service is "safe," for example. *Id.* ¶¶ 30, 219(A). Requiring Defendants to correct their marketing would primarily benefit the general public, which is not yet apprised of the true risks of using the unique Zelle electronic transfer service to send money.

### III.   CONCLUSION

In conclusion, the relevant holdings in *In re Stubhub* and *Bow* further support Plaintiffs' position that Plaintiffs seek public injunctive relief to correct Defendants' deceptive marketing concerning the Zelle transfer service. As a result, Wells Fargo's Motions to Compel Arbitration should be denied.

Date: December 16, 2022

**KAZEROUNI LAW GROUP, APC**
By: s/ *Jason A. Ibey*
    Jason A. Ibey (SBN: 284607)
    jason@kazlg.com

---

[2] Plaintiffs similarly allege in the FAC that Zelle misleads the public into believing that Zelle is "a fast, safe and easy way to send and receive money" (*id.* ¶ 29) and request a public injunction to require Zelle to advertise such services accurately (*see id.* ¶¶ 199, 207, 209, 213-214, 222, 234, 238, Prayer for Relief).

321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808

*Attorneys for Plaintiffs*

**KAZEROUNI LAW GROUP APC**
Pamela E. Prescott (SBN: 328243)
pamela@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808

*Attorneys for Plaintiffs*
*Jessica Stock and Sofia Sioris*

**KELLER ROHRBACK L.L.P.**
Laura R. Gerber (*pro hac vice*)
lgerber@kellerrohrback.com
Derek Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
Nathan L. Nanfelt (*pro hac vice*)
nnanfelt@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA 98122
Telephone: (206) 623-1900

*Attorneys for Plaintiffs*
*Luke Hartsock and Jerry Winiarski*

**SAUDER | SCHELKOPF**
Joseph G. Sauder (*pro hac vice*)
jgs@sstriallawyers.com
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 220-0580

*Attorney for Tracy Vincent*